UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELIZABETH ANN S.,

              Plaintiff,
                                                                                     5:17-CV-0488
v.                                                                                      (GTS)

ANDREW SAUL,[1]
Commissioner of Social Security,

              Defendant.
_____

APPEARANCES:                                                   OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC       KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff
P.O. Box 89
Endicott, New York 13761-0089

SOCIAL SECURITY ADMINISTRATION             EMILY M. FISHMAN, ESQ.
OFFICE OF REGIONAL GENERAL COUNSEL
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this Social Security action filed by Elizabeth Ann S.

("Plaintiff") against Social Security Commissioner Andrew Saul ("Defendant" or

"Commissioner"), is Plaintiff's motion for attorneys' fees and costs in the amount of twenty-two

---

[1]     Andrew Saul became the Commissioner of Social Security on June 17, 2019.  The Clerk of Court is respectfully directed to amend the caption.

thousand, seven hundred and sixty-seven dollars and fifteen cents ($22,767.15) pursuant to 42 U.S.C. § 406(b). (Dkt. No. 26.) For the reasons stated below, Plaintiff's motion is granted.

## I. RELEVANT BACKGROUND

### A. Facts and Procedural History

Because this Decision and Order is intended primarily for the review of the parties, the Court presumes the reader's familiarity with this Court's Order of April 5, 2018, in which the Court granted Plaintiff's motion and remanded Plaintiff's case to the Social Security Administration for further consideration. (Dkt. Nos. 16, 17.) Plaintiff filed a motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") on July 5, 2018, and the parties submitted a stipulation for fees in the amount of six thousand, three hundred and fifty-one dollars ($6,351.00) on July 17, 2018. (Dkt. Nos. 18, 19.) On July 18, 2018, the Court approved the stipulation. (Dkt. No. 20.) Plaintiff subsequently filed the current motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) on February 27, 2020. (Dkt. No. 21.)

### B. Briefing on Plaintiff's Motion

Generally, Plaintiff's attorney argues that he is entitled to an award of attorneys' fees in the amount of $22,767.15 pursuant to 42 U.S.C. § 406(b), $6,351.00 of which would be refunded to Plaintiff due to previously awarded EAJA fees. (Dkt. No. 21, Attach. 1 [Pl.'s Mem. of Law].) Plaintiff's attorney argues that this is within the range of 25-percent of past-due benefits awarded to his client and is reasonable based on the amount of time spent on the case, the risk involved in social security appeals due to the requirement to charge contingency fees, and his effectiveness in obtaining a favorable result for his client. (*Id.*)

Generally, Defendant argues the following: (a) the amount requested by Plaintiff does not exceed the statutory cap and does not appear to be a windfall, and there is no evidence of fraud,

overreaching, or unreasonable delay; and (b) if the Court awards the requested fees, it should also order Plaintiff's attorney to return $6,351.00 to Plaintiff (the amount of fees he has already received pursuant to the EAJA). (Dkt. No. 23 [Defs.' Response Mem. of Law].)

## II. GOVERNING LEGAL STANDARD

Section 206(b) of the Social Security Act states that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather "calls for court review of such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). If the fee set by the contingency-fee agreement is within the 25-percent boundary established by Section 406(b), then "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. For assessing reasonableness of a fee set by a contingency agreement, the Supreme Court noted that multiple factors should be considered, including the character of the representation, the results the representative achieved, and whether the attorney was responsible for delay in the litigation in order to increase fees. *Id.* at 808.

The Second Circuit has noted that contingency-fee agreements ordinarily should be afforded the same deference that the court would apply to any contract between parties where it

is a "freely negotiated expression of both a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). District courts therefore must look first to the contingency-fee agreement and reduce the amount specified in that agreement only when it finds the amount to be unreasonable. *Wells*, 907 F.2d at 371. When determining whether the fee is reasonable, the district court "need not make mathematical calculations," but should (a) determine whether the amount requested is within the 25-percent cap, (b) consider whether there has been fraud or overreaching in making the agreement, and (c) consider whether the amount is so large as to be a windfall to the attorney. *Id.* at 372.

### III.   ANALYSIS

After carefully considering Plaintiff's arguments and the applicable case law, the Court awards Plaintiff's attorney the requested $22,767.15 in attorney's fees and costs for the reasons stated in both Plaintiff's memorandum of law and Defendant's response memorandum of law, and directs further that Plaintiff's attorney must return to Plaintiff the $6,351.00 in EAJA fees already received. (Dkt. Nos. 21, 23.)

As to the reasonableness of the application, the Court finds that (a) the amount requested is within the 25-percent range allowable by law, (b) there is no evidence or allegation of fraud or overreach in the making of the agreement, and (c) the amount is not so large as to constitute a windfall for Plaintiff's attorneys. Notably, the *de facto* hourly rate applicable to Plaintiff's request is $692.01 ($22,767.15 total fees, divided by 32.9 hours expended). (Dkt. No. 21, Attach. 1, at 6.) Such *de facto* rate has been found to be reasonable in this Circuit. *See Buckley*

4

*v. Berryhill*, 15-CV-0341, 2018 WL 3368434, at *2-3 (W.D.N.Y. July 10, 2018) (approving a *de facto* hourly rate of $1,000.00); *Karki v. Comm'r of Soc. Sec.*, 13-CV-6395, 2018 WL 1307947, at *2-3 (E.D.N.Y. Mar. 13, 2018) (finding that an hourly rate of $1,066 would constitute a windfall and reducing the amount to $500 per hour for 21.1 hours of work); *Filipkowski v. Barnhart*, 05-CV-1449, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (Sharpe, J.) (approving a *de facto* hourly rate of $743.30 for 33.25 hours of work); *Rowell v. Astrue*, 05-CV-1592, 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008) (finding that a fee amounting to an hourly rate of $443.94 per hour was not a windfall); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (approving a *de facto* hourly rate of $705.00).

Plaintiff's attorney has also expressly acknowledged his obligation to refund to Plaintiff the amount of the EAJA award ($6,351.00) received previously as a condition of this award. Additionally, Defendant has expressed no objections to Plaintiff's request for attorneys' fees. (Dkt. No. 23.) This fact, while not determinative, provides additional support to the Court's finding that the application is reasonable.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorney fees and costs (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED** that Plaintiff is awarded attorneys' fees and costs in the amount of **TWENTY-TWO THOUSAND, SEVEN HUNDRED and SIXTY-SEVEN DOLLARS AND FIFTEEN CENTS ($22,767.15)** pursuant to 42 U.S.C. § 406(b); and it is further

**ORDERED** that, upon receipt of these fees, Plaintiff's attorneys shall refund to Plaintiff the six thousand, three hundred and fifty-one dollars ($6,351.00) in fees obtained pursuant to the EAJA.

Dated: October 5, 2020
       Syracuse, New York

_____
Glenn T. Suddaby
Chief U.S. District Judge